UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOE HAND PROMOTIONS, INC.                                                                PLAINTIFF

v.                                                                        CIVIL ACTION NO. 3:08CV-600-S

TIP OFF, INC. d/b/a WOODY'S BODACIOUS
BAR & GRILL, et al.                                                                       DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the court on motion of the defendant, Timothy O'Shea ("O'Shea"), to set aside entry of default (DN 30) and motion of the plaintiff, Joe Hand Promotions, Inc.("Joe Hand"), for an award of damages (DN 29).

This action arose from an alleged unauthorized telecast of the November 18, 2006 Ultimate Fight Night Championship event at Woody's Bodacious Bar & Grill in Louisville, Kentucky. Joe Hand filed this action on November 14, 2008 seeking damages under various provisions of the Communications Act governing cable communications.   47 U.S.C. § 521, *et seq.*

O'Shea was served with summons on November 19, 2008.  O'Shea did not file an answer to the complaint.  On March 27, 2009, Joe Hand moved for entry of default against O'Shea.  O'Shea did not file a response to the motion.  Default was entered on June 15, 2009.  On June 18, 2009, Joe Hand moved for entry of default judgment against O'Shea.  Again, O'Shea did not respond to the motion.  Default judgment was entered against O'Shea on July 29, 2009.  On August 24, 2009, Joe Hand moved for an award of damages against O'Shea.  O'Shea then moved to set aside the default. In the motion O'Shea also objects to the damages sought by Joe Hand.

O'Shea seeks relief from default under Fed.R.Civ.P. 55(c) and 60(b). Rule 55(c) states that "[f]or good cause shown the court may set aside an entry of default and, if a judgment by default has been entered, may likewise set it aside in accordance with Rule 60(b)." As explained in *Waifersong, Ltd. Inc. v. Classic Music Vending*, 976 F.2d 290, 292 (6th Cir. 1992),

> Under [55(c)], a stricter standard applies for setting aside a default once it has ripened into a judgment. When a defendant seeks relief from a default that has been entered by the clerk upon a plaintiff's request, the district court enjoys considerable latitude under the "good cause shown" standard. But once the court has determined damages and a judgment has been entered, the district court's discretion to vacate the judgment is circumscribed by public policy favoring finality of judgments and termination of litigation. Rule 60(b) reflects this public policy by requiring greater specificity from a moving party before a court will set aside a default judgment.

The court entered an order of default judgment on the unopposed motion of Joe Hand which stated that Joe Hand was entitled to a default judgment in an amount to be determined by the Court upon hearing or by affidavit of Plaintiff. DN 27. The court has not yet determined damages.

> "'Where damages are unliquidated a default admits only [the defaulting party's] liability and the amount of damages must be proved.'" *Antoine v. Atlas Turner, Inc.*, 66 F3d 105, 110 (6th Cir. 1995)(quoting *Fehlhaber v. Fehlhaber*, 681 F.2d 1015, 1026 (5th Cir. 1982)(en banc)). As the Second Circuit explained: Even when a default judgment is warranted based on a party's failure to defend, the allegations in the complaint with respect to the amount of damages are not deemed true. The district court must instead conduct an inquiry in order to ascertain the amount of damages with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999)(citations omitted).

*Vesligaj v. Peterson*, 331 Fed.Appx. 351 (6th Cir. 2009), unpubl.

O'Shea's motion to set aside the entry of default is inadequate. The factual representations are not supported by an affidavit or other documentation.[1] The motion states that O'Shea "honestly believed that he had cleared himself of any liability by demonstrating to the Plaintiff that he was not

---

[1] He attaches a "Verification of Motion to Set Aside Default Judgment" which verifies that the statements contained in the motion are true. The motion contains the third-person statement that "O'Shea provided the requested documents on two occasions, once before the lawsuit and again after the filing of the lawsuit." This is the lone fact recited in the motion forming the basis for his assertion of mistake or excusable neglect. The motion is otherwise devoid of facts.

the owner/operator of the business, as he had sold it in September of 2006." DN 30, p. 2. Such a statement fails to establish the "good cause" required to set aside an entry of default or the "mistake, inadvertence, surprise, or excusable neglect" to justify relief from a default judgment. A properly served defendant may not simply ignore a lawsuit and later call it a mistake. *EMI April Music, Inc. v. 1064 Old River Road, Inc.*, 214 Fed Appx. 589, 2007 WL 205558 (6th Cir. Jan. 26, 2007), unpubl. (defendant properly served, "not caught off guard" by lawsuit, no showing as to any action taken by defendant; insufficient showing under 60(b)(1)).

It is unclear what O'Shea did, if anything, after being served. He contends that "[h]e provided the Plaintiff with the requested documents on two occasions, once before the lawsuit and again after the filing of the lawsuit." Motion to Set Aside Default, p. 2. The statement is so lacking in substance as to be virtually meaningless. O'Shea has not indicated what documents were requested, who requested them, what documents he provided, when and how he provided them, or what response he received, if any. O'Shea's motion states nothing more than that he provided documents "to the Plaintiff."

Joe Hand interprets the phrase "to the Plaintiff" to mean that O'Shea provided documents to Joe Hand's counsel, rather than to Joe Hand Promotions, Inc. Joe Hand's counsel states that the firm has no record of receipt of documents from O'Shea. The firm can apparently confirm receipt of a telephonic request for a copy of the complaint. The complaint was purportedly faxed to O'Shea's counsel on November 25, 2008. Joe Hand has not established these facts via an affidavit or offer of other proof, however.

Regardless, O'Shea's motion fares no better were the communications between counsel rather than the parties. *Federal's, Inc. v. Edmonton Investment Co.*, 555 F.2d 577, 583 (6th Cir. 1977)("Rule 60 was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise."), *citing United States v. Erdoss*, 440 F.2d 1221 (2d Cir.), *cert. denied*, 404 U.S. 849, 92 S.Ct. 83, 20 L.Ed.2d 88 (1971).

Under the authority of *Waifersong, supra.,* and *United Coin Meter Co., Inc. v. Seaboard Coastline R.R.,* 705 F.2d 839, 844 (th Cir. 1983), the court must first find mistake, inadvertence, surprise, or excusable neglect before it may consider whether the defendant has stated a meritorious defense and whether the plaintiff would be prejudiced were the default judgment vacated. As no basis for such a finding has been shown, we make no further findings under Rule 60(b)(1).

O'Shea has urged, alternatively, that the judgement should be vacated because it is void. He contends that no legal basis exists for the imposition of liability against O'Shea. Therefore, he contends that the judgment is void. Fed.R.Civ.P. 60(b)(4) is not applicable to errors in judgments. "Rather, before a judgment may be deemed void within the meaning of the rule, it must be determined that the rendering court was powerless to enter it." *Karsner v. Lothian*, 532 F.3d 876, 886 (D.C.Cir. 2008), *quoting Combs v. Nick Garin Trucking*, 825 F.2d 437, 442 (D.C.Cir. 1987).

Finally, O'Shea references Fed.R.Civ.P. 60(b)(6) in urging that the damages imposed against O'Shea are unduly harsh and contrary to statutory authority. However, no damages have been awarded to date. Therefore, these objections do not support the request to vacate the default judgment.

O'Shea raises both factual and legal objections to Joe Hand's offer of proof. He has not filed a separate brief in response to the motion for award of damages. The court will consider that portion of O'Shea's brief as such a response.

It appears that Joe Hand is attempting to "double dip" damages by seeking an award under both the statute addressing illegal interception of cable television signals (§ 553) and the statute addressing illegal interception of satellite cable programming (§ 605). Joe Hand has recited both statutes in its complaint. However, no finding has been made concerning the means by which this particular interception was made at Woody's Bar on November 18, 2006. Joe Hand did not address this point in his offer of proof on damages. Joe Hand erroneously cites the case of *International Cablevision, Inc. v. Sykes*, 75 F.3d 123 (2d Cir. 1996) for the proposition that he may recover

damages under both statutes. Rather, the court vacated the award of damages made by the district court under §553 and remanded the case for an award under § 605. Thus we question whether the motion for an award of damages is legally sound.

Additionally, Joe Hand has moved for the maximum amount available under each statute without any reference whatsoever to the conduct of this defendant in this case. Rather, the brief is a six-page treatise on the ills of pay-per-view programming piracy and Joe Hand's nationwide effort to enforce its proprietary rights. The court cannot grant the proposed award on the present record.

The court is concerned about the draconian result emerging from haphazard practice in this case. It appears that the only basis upon which Joe Hand premises a claim against O'Shea is the fact that a liquor license remained in O'Shea's name for some period of time after he sold the bar. Joe Hand apparently does not contest that O'Shea had sold his interest in Woody's Bar prior to the event in question. O'Shea did not timely challenge the claim against him, but rather permitted liability to be adjudged by default. Having encountered no opposition, Joe Hand moved for the maximum amount in damages available by statute against this former owner without offering any justification for such an award in this case against this defendant.

While there is little caselaw concerning the application of Fed.R.Civ.P. 60(b)(6), the court finds that this clause permits the court to accomplish justice where needed and will therefore apply the rule in this case. *See United States v. McDonald*, 86 F.R.D. 204 (N.D.Ill. 1980).

For the reasons set forth herein and the court being otherwise sufficiently advised, **IT IS HEREBY ORDERED AND ADJUDGED** that the motion of the defendant, Timothy O'Shea, to set aside entry of default (DN 30) is **GRANTED** and the Default and Default Judgment entered as to him (DN 27) are **VACATED. IT IS FURTHER ORDERED** that the motion of the plaintiff, Joe Hand Promotions, Inc., for entry of an award of damages (DN 29) is **REMANDED. The**

**defendant, Timothy O'Shea, shall file his answer to the complaint no later than fourteen (14) days from the date of entry of this order.**

**IT IS SO ORDERED.**

February 22, 2010

**Charles R. Simpson III, Judge
United States District Court**