UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

JOE HAND PROMOTIONS, INC.                                                  PLAINTIFF

v.                                               CIVIL ACTION NO. 3:08CV-600-S

TIP OFF, INC. d/b/a WOODY'S BODACIOUS
BAR & GRILL, et al.                                              DEFENDANTS

## MEMORANDUM OPINION

This matter is before the court on motion of the plaintiff, Joe Hand Promotions, Inc., for an award of damages, attorneys' fees, and court costs against the defendants, Tip Off, Inc. d/b/a Woody's Bodacious Bar & Grill, Milford Renfrow, and Timothy O'Shea.

This action arose from an alleged unauthorized telecast of the November 18, 2006 Ultimate Fight Night Championship event at Woody's Bodacious Bar & Grill in Louisville, Kentucky. Joe Hand entered into a license agreement to sell the rights to broadcast the event to businesses in Kentucky. Joe Hand filed suit against the defendants and obtained default judgment against Tip Off, Inc. and Milford Renfrow[1] for violation of various provision of the Communications Act governing cable communications. 47 U.S.C. § 521, *et seq.*

---

[1] Joe Hand obtained default judgment against Timothy O'Shea on July 29, 2009. O'Shea then moved to set aside the default judgment, stating that he no longer owned Woody's Bar at the time of the broadcast. The court vacated the default and default judgment, noting that apparently Joe Hand did not contest that O'Shea had sold his interest prior to the event. (DN 33, p. 5). The motion for damages was remanded and no further action was taken in the case for over one year. Joe Hand moved for entry of default in response to an order of the court to show cause why the action should not be dismissed for want of prosecution. Default was entered against O'Shea again on October 27, 2011. To date, default judgment has not been pursued against O'Shea. As it appears that O'Shea owned no interest in the property at the time of the broadcast, and sixteen months has elapsed since entry of default, the court deems the claim against O'Shea to be abandoned.

Original counsel for Joe Hand withdrew from the case. Substitute counsel has filed a renewed motion for an award of statutory damages under 47 U.S.C. § 553. (DN 45).[2]

The statute provides for an award of statutory damages to the party aggrieved "in a sum of not less than $250 or more than $10,000 as the court considers just." 47 U.S.C. § 553(c)(3)(A)(ii). Additionally, the court may award full costs, including reasonable attorneys' fees to an aggrieved party who prevails. § 553(c)(2)(C).

In this case, the investigator's affidavit states that the bar had one eight foot projection screen above the bar on which he observed the unlicensed broadcast of the event in question. He observed 35 to 40 people in the bar. No cover charge was taken. The affidavit does not provide any information whatsoever about food, drink, or alcoholic beverage sales, other than that the investigator himself ordered four drinks from the bartender. DN 25-3. As there are no specifics offered with respect to the broadcast of this event, beyond the showing of the event itself on a single television in the presence of 35 to 40 patrons, the court has little to work with in evaluating the question of an appropriate damage award.

In a case from this district where it was established that a cover fee was charged, and food and drink were sold to approximately 76 patrons, the court awarded of $3,800 in statutory damages plus an additional $1,000 for what it described as "clearly profiting" from the unlicensed broadcast. *Joe Hand Promotions, Inc. v. Young, et al.*, Civil Action No. 5:09CV-157-R. Such evidence does not exist in this case.

In another case, 10 to 13 patrons were present during an unlicensed broadcast. The court found that there was no evidence that the interception was willful or obtained for commercial

---

[2] The tendered judgment seeks an award of damages under § 553 and § 605. Joe Hand may not recover under both sections. *Joe Hand Promotions, Inc. v. Willis*, 2009 WL 369511, *1 (N.D.Ohio 2009). Its motion proceeds under § 553.

advantage or private gain.  The court fixed damages at the "lowest end of the scale."  *Joe Hand Promotions, Inc. v. Williams, et al.,*  3:07CV-406-JDM.³

Based upon the information available to the court, an award of statutory damages of $500.00 is a just award, under § 553(c)(3)(A)(ii).  We find that the (1) absence of a cover charge, (2) patronage of 35 to 40 people, (3) the broadcast on one of two televisions on the premises, and (4) a lack of information concerning commercial gain by the violator, renders this case less egregious than some, but warrants an award of damages greater that the $250.00 statutory minimum.  There has been no showing of wilfulness here.

The attorneys' fees sought herein appear to be in line with other awards in this district.  *See Williams* and *Young, supra.*  The affidavits of attorneys Spies and Riley adequately itemize the time spent in prosecuting this action and the rate of $175.00 per hour does not appear to be outside the norm when compared with similar cases.  *Id.*  Therefore, the court will grant the request for attorneys' fees in the sum of $2,800.00.  The motion also mentions court costs, but no sum was identified in the affidavit in support of the motion nor requested in the tendered order.

In accordance with the foregoing, a separate judgement will be entered awarding statutory damages and attorneys fees.

**IT IS SO ORDERED.**

February 1, 2013

**Charles R. Simpson III, Senior Judge**
**United States District Court**

---

³The court awarded $1,000.00 in statutory damages, as the claimant elected to proceed under § 605 which carries a statutory damages range from $1,000.00 to $10,000.00 for each violation.